UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELORES MCNEIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| CENTENE MANAGEMENT | ) |
| COMPANY, LLC d/b/a MANAGED | ) |
| HEALTH SERVICES, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Delores McNeil ("McNeil"), brings this action against Defendant, Centene Management Company, LLC d/b/a Managed Health Services ("Defendant"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII").

### PARTIES

2. McNeil has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a company operating within the Southern District of Indiana.

### JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 2000e-5(f)(3).

5. McNeil was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. McNeil satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC

issued a right-to-sue notice to McNeil. She now timely files her lawsuit.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Defendant hired McNeil as a Prior Authorized Nurse on or about January 16, 2007.

10. McNeil was a Prior Authorization Nurse when Defendant fired her.

11. McNeil's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

12. McNeil is a Christian and has sincerely-held religious beliefs.

13. McNeil has a sincerely-held religious belief against taking the Covid-19 vaccine.

14. McNeil and her work team commenced working remotely from home in or about March 2020 because of Covid-19.

15. On or about June 3, 2021, Defendant advised McNeil and her work team that they would permanently be working remotely as field-based employees.

16. As a field-based employee, McNeil was to continue working remotely from home.

17. McNeil continued working as a field-based employee until Defendant fired her.

18. McNeil's position did not require that she interact in-person with other employees at Defendant or that she visit coworkers or clients outside of her home at any medical facilities, clinics, doctors' offices, clients' homes, or Defendant's offices.

19. McNeil performed her job duties and responsibilities exclusively online or by phone from her home.

20. In or about July 2021, Defendant informed its employees, including McNeil, that it would not require its employees to take the Covid-19 vaccine, even though it was encouraging them to do so.

21. In or about August 2021, Defendant advised its employees, including McNeil, that it would be requiring them to receive the Covid-19 vaccine as a condition of their continuing employment.

22. Defendant instructed its employees to upload proof of vaccination on or before December 31, 2021.

23. Reasonable accommodation requests based on religion or disability had to be submitted on or before November 12, 2021.

24. At a non-mandatory employee meeting in or about September 2021, Defendant's Vice President of Diversity, Equity, and Inclusion informed multiple employees that only approximately 10-12% of religious accommodation requests and nearly zero disability accommodation requests would be granted.

25. McNeil printed off Defendant's religious accommodation request application on or about September 9, 2021.

26. On or about October 4, 2021, Defendant's Medical Management Director emailed McNeil inquiring about the status of her proof of vaccination as Defendant was placing requisitions for future job postings.

27. McNeil engaged in statutorily-protected conduct when she complained to Human Resources about the pressure being applied by the Medical Management Director to her to obtain the vaccine, thereby ignoring available religious-based accommodation requests that were not due until on or before November 12, 2021.

28. The Medical Management Director subsequently clarified his email.

29. On or about October 29, 2021, Supervisor Ladena Ashley ("Ashley") emailed McNeil inquiring about the status of her proof of vaccination and informing her that she was attempting to

prepare for her team's future.

30. Defendant, through Ashley, created a hostile work environment for McNeil because of her religion.

31. Defendant's harassing behavior was severe or pervasive and altered the terms and conditions of McNeil's employment. Ashley asked her multiple times about the status of her vaccination. After learning that McNeil had asked for a reasonable accommodation in the form of not taking the vaccine, Ashley made multiple comments to her about her decision not to take the vaccine, including, but not limited to: "Can I say anything to get you to change your mind and take the vaccine," are you leaving the company," are you getting vaccinated," and "I thought that you were going to change your mind when the company denied your religious exemption request." McNeil opposed Ashley's behavior, thereby engaging in statutorily-protected conduct. Ashley responded that McNeil was taking her requests for information about the status of her vaccine too personally and seriously because she wanted her to take the vaccine to avoid losing her job. McNeil had previously made Ashley aware of her religious-based objection to the vaccination requirement before the harassment commenced.

32. McNeil again printed out the religious accommodation request application on or about November 3, 2021, which application was significantly different from and more onerous than the one she had printed on or about September 9, 2021.

33. On or about November 12, 2021, McNeil submitted her religious accommodation request application and supporting documents to Defendant, including supporting and clarifying letters from her and a minister.

34. McNeil and the minister sufficiently described her sincerely-held religious objections to the vaccine.

35. McNeil's application constituted a request for a reasonable accommodation pursuant to Title VII.

36. On or about December 21, 2021, McNeil submitted additional responses supporting her requested reasonable accommodation, including another letter from a minister.

37. Defendant denied McNeil's requested accommodation on or about December 21, 2021.

38. McNeil requested that Defendant reconsider her accommodation request, especially since she worked exclusively from home without any physical contact with coworkers or client.

39. Defendant denied her request.

40. McNeil filed a statutorily-protected complaint with human resources on or about January 4, 2022, complaining about a harassing and discriminatory work environment based on religion.

41. Defendant took no action designed to remedy the discriminatory and harassing environment before separating McNeil.

42. Defendant marked McNeil's complaint as "low priority."

43. Defendant fired McNeil on or about February 4, 2022.

44. Defendant took adverse employment actions against McNeil because of her religion, sincerely-held religious beliefs, and statutorily-protected conduct (asking for a reasonable accommodation and complaining about religious-based discrimination/harassment).

45. Any reason proffered by Defendant for the adverse actions it took against McNeil is pretextual.

46. McNeil has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, emotional distress, inconvenience, humiliation,

embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I

### RELIGIOUS DISCRIMINATION – TITLE VII

47. McNeil hereby incorporates paragraphs 1-46 of her Complaint.

48. McNeil asked for a reasonable accommodation because of her religion.

49. Defendant did not engage in the interactive process with McNeil.

50. Defendant did not provide a reasonable accommodation to McNeil.

51. Defendant fired McNeil, instead of providing a reasonable accommodation to her.

52. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of McNeil's rights as protected by Title VII.

## COUNT II

### RELIGIOUS DISCRIMINATION – TITLE VII

53. McNeil hereby incorporates paragraphs 1-52 of her Complaint.

54. Defendant created a hostile work environment for her because of her religion.

55. Defendant fired McNeil because of her religion.

56. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of McNeil's rights as protected by Title VII.

## COUNT III

### RETALIATION – TITLE VII

57. McNeil hereby incorporates paragraphs 1-56 of her Complaint.

58. McNeil engaged in statutorily-protected conduct when she asked for a reasonable accommodation and complained about religious-based discrimination/harassment.

59. Defendant fired McNeil because of her statutorily-protected conduct.

60. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of McNeil's rights as protected by Title VII.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Delores McNeil, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant pay lost wages and benefits to McNeil;

2. Defendant reinstate McNeil to the same position, with the requisite pay, seniority, and benefits, or pay front pay and benefits to her in lieu of reinstatement;

3. Defendant pay compensatory and punitive damages to McNeil;

4. Defendant pay pre- and post-judgment interest to McNeil;

5. Defendant pay McNeil's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to McNeil any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Delores McNeil

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone:  (317)802-7181
Email:      bwilson@wilsonmelton.com
            smelton@wilsonmelton.com

## DEMAND FOR JURY TRIAL

Plaintiff, Delores McNeil, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Delores McNeil
